In accord with the Opinion and Award of the North Carolina Court of Appeals, the June 10, 1994, Opinion and Award is HEREBY VACATED AND REWRITTEN as follows:
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner. The undersigned are of the opinion that there are no good grounds to receive further evidence or rehear the parties, as sufficient convincing evidence exists to support their findings of fact, conclusions of law and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant.
3. On September 3, 1991, defendant was self-insured, with Alexsis as the servicing agent for the self-insured defendant.
4. On September 3, 1991, plaintiff reported to Cape Fear Memorial Hospital Health Division for his annual physical. While at this physical, employee operated a B-200 machine.
5. Plaintiff had previous period of temporary total disability due to a prior back injury, in North Carolina Industrial Commission File 841680, beginning July 10, 1988 and ending October 24, 1988.
6. Plaintiff did not engage in public work from September 9, 1991 to January 2, 1992. If compensable, plaintiff's period of temporary total disability will be from September 9, 1991 through January 1, 1992, with plaintiff returning to work on January 2, 1992.
7. The parties stipulate that plaintiff sustained no additional permanent partial disability as a result of his alleged injury on September 3, 1991.
8. On September 3, 1991, plaintiff's average weekly wage was $577.77.
9. Plaintiff's Exhibit Numbers 1 through 11, 13, and 14 are stipulated into evidence.
10. Industrial Commission Form 28B, Report of Compensation and Medical Paid, dated July 29, 1991, for Industrial Commission File Number 841680 is stipulated into evidence.
11. Industrial Commission Form 22, dated October 20, 1991, is stipulated into evidence.
* * * * * * * * * *
The Full Commission adopt the findings of fact found by the Deputy Commissioner with the addition of Findings of Fact Numbers 11 and 12, as follows:
FINDINGS OF FACT
1. On July 10, 1988, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant.
2. As a result of his compensable injury on July 10, 1988, plaintiff was paid temporary total disability compensation from July 11, 1988 through October 23, 1988, and from April 11, 1991 through April 28, 1991.
3. In addition, as a result of his compensable injury on July 10, 1988, plaintiff received 30 weeks of permanent partial disability compensation, from March 29, 1989 through October 25, 1989, for a ten percent permanent partial disability to the back.
4. Plaintiff was employed by defendant as a fireman. As a part of plaintiff's normal job duties, plaintiff was required to engage in lifting, bending, walking, squatting, standing, pushing and pulling. On April 28, 1991, plaintiff returned to his regular work duties for defendant. Plaintiff continued to work his regular work duties without interruption from April 28, 1991 through September 3, 1991.
5. On September 3, 1991, plaintiff was ordered by defendant to undergo an annual fitness for duty physical examination.
6. The annual fitness for duty physical examination was carried out at Cape Fear Memorial Hospital Occupational Health Services on September 3, 1991.
7. On September 3, 1991, plaintiff took a B-200 back test as a part of his regular examination. Before he took the B-200, plaintiff was experiencing slight low back pain. The B-200 test is a form of computerized testing which specifically monitors a patient's degree of movement, speed of movement and strength in three different planes of the trunk.
8. Although plaintiff had slight low back pain before the test, plaintiff had no discomfort, increase or changes in pain during the administration of the B-200 test, or after the test.
9. Following his test, plaintiff put his clothes back on. Plaintiff then walked across the parking lot of the facility in order to get to his truck. At that time, while walking to his truck, plaintiff experienced a sharp pain in his back.
10. Subsequently, plaintiff was temporarily totally disabled from September 9, 1991 to January 1, 1992, with plaintiff returning to work on January 2, 1992.
11. There is insufficient convincing or credible evidence of record to causally link the sharp pain plaintiff felt in the parking lot to the B-200 test which was administered to plaintiff. The expert medical testimony presented was necessarily based in part upon history given by plaintiff to the physician and upon assumptions the physician made as to plaintiff's level of pain during testing as well as after testing. Based upon some inconsistencies the undersigned feel exist in these accounts and beliefs, the undersigned are unable to accept the medical opinion as to causation to be particularly credible or convincing.
12. Due to the above-mentioned inconsistencies, the undersigned also find there exists insufficient convincing or credible evidence to establish a causal link necessary to successfully assert a change of condition claim from the original compensable injury on July 10, 1988.
* * * * * * * * * *
Based upon the findings of fact, the Full Commission conclude as follows:
CONCLUSIONS OF LAW
1. On September 3, 1991, plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant, in that any injury to plaintiff's back was not the direct result of a specific traumatic incident of the work assigned. N.C.G.S. 97-2(6).
2. On and following September 3, 1991, plaintiff did not undergo a change of condition which resulted from his compensable injury on July 10, 1988, and is not, therefore, entitled to additional compensation. N.C.G.S. 97-47.
* * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirm the holding of the Deputy Commissioner and enter the following
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
This the _____ day of ___________________________, 1995.
 S/ __________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ __________________ LAURA K. MAVRETIC COMMISSIONER
S/ __________________ THOMAS J. BOLCH COMMISSIONER
JHB/nwm 12/11/95